WILSON ET AL. v. HINKLEY ET AL.

ERROR from the judgment of a justice of the peace. Hinkley and others, selectmen of the town of Tolland, brought their action before a justice of the peace, against Wilson, and the other inhabitants of the town of Coventry, for certain sums of money advanced for the necessary relief and support of Amy Caesar and her two children, alleged to be the proper paupers of the town of Coventry.

The inhabitants of Coventry, by their agent, pleaded in abatement — That the justice before whom said action was brought, before the date and service of the writ, had given his opinion on the point in question, in consequence whereof the plaintiffs had brought said action.

2. That the action pending, being a controversy between two towns or communities, is not cognizable by a single minister of justice.

This plea was by the justice adjudged insufficient, and a *respondeat ouster* ordered.

It was then pleaded — That said Amy was born in said Tolland, and that her mother was an Indian woman, a native of this country; and that said Amy lived with Jabez Edgerton, of said Tolland, as a servant, until she arrived at the age of eighteen years, when her service expired, and she was set at liberty: That she then continued to reside in Tolland, until she arrived at the age of twenty-two years; at which time, viz. in August, 1782, she married to one Timothy Caesar, in said Tolland, whose mother was also an Indian woman, and native of this country: That said Timothy, at the time of his intermarriage with said Amy, was a slave and servant to one Joseph Hovey, of Mansfield; and for about

nine months after said intermarriage, they both lived with said Hovey. In March, 1783, they both came into the town of Coventry, and there lived for the term of eighteen months, and then left said town: That the only residence the said Amy ever made in said town of Coventry, was while she lived with her husband, and under coverture, as aforesaid: That said Edgerton and Hovey have estate amply sufficient to support said Amy and her two children; therefore, the defendants are not liable by law to support them.

The replication was — That said Amy removed from the town of Mansfield to the town of Coventry, in the month of November, 1782, and continued her residence there till the month of June, 1784, which is eighteen months, during which term she had one child born in said Coventry: That by living in said Coventry said term of eighteen months, they gained a residence, and became inhabitants of said town of Coventry; and that said Amy and her children have not since gained a residence or become inhabitants of said town of Tolland.— And the plaintiffs demurred to the residue of the plea.

To the replication there was a general demurrer — and judgment was by the justice rendered for the plaintiffs.

The errors complained of in this judgment were,

1. That the question in said cause, being between two towns, relative to the duty of maintaining certain paupers, was very interesting to the parties, and involved in it points of great nicety and high importance, to be properly decided: That the plaintiffs, to avoid a proper discussion and decision of said cause, commenced said suit before said justice, after

having heard his opinion on the point; and to prevent said cause from being removed by appeal, they demanded no more than forty shillings, which was illegal.

2. That by the pleadings, it appears — That said Amy was born of an Indian squaw, one of the natives of the country: That she lived in Tolland, as a servant, until she was eighteen years of age, when she was set at liberty by her master; and that afterwards she continued to reside and dwell in Tolland, for the space of four years, until she was twenty-two years of age; and thereby gained a legal settlement in said Tolland, by commorancy in her own right (if a person of her description could gain such a settlement) — and her intermarriage with Timothy Caesar, whose mother was also an Indian squaw, and said Timothy a servant and slave to Joseph Hovey, of Mansfield; and said Timothy residing in said Coventry, by permission of his master, the time mentioned in the plea, could gain no legal settlement there; neither could the said Amy, residing with him under those circumstances, gain any for herself or children — and when her husband left her, she had no place to resort to but the town of Tolland, that being the place of her last legal settlement.

The judgment of the justice was affirmed.

By the whole COURT. With regard to the plea in abatement.—A justice of the peace is bound by his oath not to be " of counsel in any quarrel that shall come before him; " and he ought also to be cautious in declaring extra-judicial opinions, lest an undue use should be made of them; yet is he not, merely by having manifested his opinion on a question of law, legally disqualified from judging in a cause in which that question comes up; which is the amount of the excep-

tion in the present case: Nor is it material to his jurisdiction of what description the parties are, or what the cause is, if the title of land is not concerned, and the demand does not exceed £4. The decision of the justice, in this case, is limited in its operation merely to the sum demanded in the writ, and does not determine the settlement of the paupers, as it may respect demands for their future support.

As to the merits — Timothy Caesar, being born of a free woman, a native of the land, was not a slave, nor was he within the meaning of the statute, "a servant bought for time;" nor does it appear that he was an apprentice under age, or that he was under any disability to gain a settlement by commorancy; and having resided more than one year in the town of Coventry, with his wife, the said Amy, he there gained a settlement for himself and her, as also for her children: Nor was Edgerton, her former master, holden for her support; for she had never been his slave, or servant bought for time; but the burden of her support devolved upon the town of Coventry, from whence having been removed to the town of Tolland, and there become chargeable, a right of action accrued for the expense arisen, in favor of the town of Tolland, against the town of Coventry.